(SUPREME COURT.)

### Johnson *against* Bloodgood.

THIS was an application to set aside a verdict, rendered for the plaintiff.

From the judges report, the present appeared to be an action brought for the benefit of the creditors of the plaintiff, and his name, used merely to satisfy the forms of law.

The point to be decided was this; whether, in a suit brought by the assignees of an insolvent debtor, in his name, but for the general benefit of his creditors, the defendant shall be permitted, under the plea of payment, to set off a note of the insolvent, purchased *after* it became due, and after the assignment of the insolvent, though without actual notice of it, at the rate of 12*s.* in the pound, and for the purpose of such set-off.

KENT, J. This suit is substantially, between the creditors of *Johnson* and the defendant. It is now well understood, that courts of law will take notice of assignments and trusts, and consider who are beneficially interested, and will protect the *cestui que trust.**

When a note is purchased after due, every presumption is to be made against the purchaser. Therefore, if he state it to have been generally in such a year, and the maker has assigned his property under the insolvent law, on the 16th *January*, in that year, it shall be presumed, the purchase was after the assignment. A note purchased after due, and after an assignment under the insolvent law, cannot, in an action by the assignees, in the name of the insolvent, be set off against a debt due to the insolvent's estate.
* 1 *D. & E.* 680.

ALBANY.

Johnson
v.
Bloodgood.

* 1 *Ld. Raym.*
575.

† 3 *Durnf.* 80,
83.

In giving my opinion, I mean not to question the law that a bill or note may be negotiated after it is due,* and be declared upon as such. But I approve and adopt, as salutary, and calculated to prevent fraud, the doctrine laid down in the cases of *Brown* and *Davis*,† and *Taylor* and *Mather*, that if a bill or note be indorsed after it becomes due, it throws a suspicion on the transaction, and the indorsee shall take it, subject to all the equity that existed in favour of the maker of the note, before it was indorsed ; and if there be any attendant circumstances of fraud, the indorsee shall have every presumption turned against him.  So in the present case, the defendant, stating only generally the year 1793, in which he purchased the note, it shall be presumed he purchased it after the 16th *January*, 1793, the date of the assignment of the insolvent's estate.

When a note is offered for sale, after it has become due, and at a discount, what is the necessary inference? most certainly that the maker is insolvent ; and, if so, his effects and credits ought immediately to enure to the benefit of his creditors, and he be regarded but as their trustee.

The presumption will be, because, so, indeed, justice would dictate, that the insolvent makes forthwith, a full and frank disclosure and assignment of all his property, for the payment of his debts.  And if the insolvent do, in fact, make such an assignment, the purchaser in such a case, of a note, after the assignment at a depreciated rate, for the purpose of a set-off, though he may not, in fact, know of the assignment, is nevertheless properly chargeable with having acted under the presumption of notice of the

assignment. The law infers the notice, being what is termed *constructive notice.* 2 *Fonb.* 155. He accordingly commits a fraud upon the creditors; he does an act *mala fide,* and, as lord *Kenyon* observed, in a case not very unlike the present, " it would be most unjust, indeed, if one person who happens to be indebted to another, at the time of the bankruptcy of the latter, were permitted, by an *intrigue* between himself and a third person, so to change his own situation, as to diminish or totally destroy the debt due to the bankrupt, by an act *ex post facto.*"* 

I accordingly continue in the opinion that was given at the trial, that the note purchased by the defendant was inadmissible testimony, under his plea of payment, and that the defendant take nothing by his motion.  **Motion denied.**